H9l6wilp

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                            16 CR 656(GHW)

DAVID WILLIAMS,

                Defendant.

------------------------------x
                                         New York, N.Y.
                                         September 21, 2017
                                         11:30 p.m.

Before:

                    HON. JAMES C. FRANCIS,

                                         Magistrate Judge

                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
KATHERINE C. REILLY
     Assistant United States Attorney

ANTHONY CECUTTI
     Attorney for Defendant
```

1              (In open court; case called)
2              THE DEPUTY CLERK:  Counsel, please state your name for
3    the record.
4              MS. REILLY:  Katherine Reilly for the government.
5              MR. CECUTTI:  Anthony Cecutti for Mr. Williams.
6              THE COURT:  Good morning, Mr. Williams.  I am Judge
7    Francis.  I believe the first order of business is waiver of
8    the indictment.
9              Proceed with that, please.
10             THE DEPUTY CLERK:  You are James David Williams.
11             THE DEFENDANT:  Yes.
12             THE DEPUTY CLERK:  Have you signed the waiver of
13   indictment?
14             THE DEFENDANT:  Yes.
15             THE DEPUTY CLERK:  Before you signed it, did you
16   discuss it with your attorney?
17             THE DEFENDANT:  Yes.
18             THE DEPUTY CLERK:  Did your attorney explain it to
19   you?
20             THE DEFENDANT:  Yes.
21             THE DEPUTY CLERK:  Do you understand what you are
22   doing?
23             THE DEFENDANT:  Yes.
24             THE DEPUTY CLERK:  Do you understand that you are
25   under no obligation to waive indictment?

H9l6wilp

1       THE DEFENDANT:  I do.
2       THE DEPUTY CLERK:  Do you understand that if you do
3  not waive indictment if the government wants to prosecute you,
4  they will have to present this case to a grand jury which may
5  or may not indict you?
6       THE DEFENDANT:  Yes.
7       THE COURT:  Do you understand that by signing this
8  waiver of indictment, you have given up your right to have this
9  case presented to a grand jury?
10      THE DEFENDANT:  Yes.
11      THE DEPUTY CLERK:  Do you understand what a grand jury
12 is?
13      THE DEFENDANT:  Yes.
14      THE DEPUTY CLERK:  Have you seen a copy of the
15 information?
16      THE DEFENDANT:  Yes.
17      THE DEPUTY CLERK:  Do you waive its public reading?
18      THE DEFENDANT:  Yes.
19      THE COURT:  Thank you.
20      Mr. Williams, you are charged in the superseding
21 information in six counts.  Count One charges conspiracy to
22 commit wire fraud in violation of Title 18, United States Code,
23 Section 1349.  Counts Two, Three and Four charge wire fraud in
24 violation of Title 18, United States Code, Section 1343.  Count
25 Five charges aggravated identity theft in violation of Title 18

H9l6wilp

1   of the United States Code, Section 1028(a), and Count Six
2   charges conspiracy to commit money laundering in violation of
3   Title 18 of the United States Code, Section 1956(h).
4            You have the right to enter your plea before a United
5   States court district judge.  However, a United States
6   magistrate judge may also take your plea provided that you
7   consent to that procedure.  I have before me a consent form.
8            Have you read and do you understand that form and did
9   you sign it?
10           THE DEFENDANT:  Yes, I did.
11           THE COURT:  Now I am going to ask you some questions
12  in connection with your plea.
13           Please raise your right hand.
14           (Defendant sworn)
15           THE COURT:  Please state your full name for the
16  record.
17           THE DEFENDANT:  James David Williams.
18           THE COURT:  What is your education?
19           THE DEFENDANT:  I have two years of college.
20           THE COURT:  Are you now or have you recently been
21  under the care of a doctor or psychiatrist for any reason?
22           THE DEFENDANT:  No, I have not.
23           THE COURT:  Are you currently taking any medications?
24           THE DEFENDANT:  One, Crestor.
25           THE COURT:  Does that affect your ability to

1  understand these proceedings in any way?
2              THE DEFENDANT:  No, it does not.
3              THE COURT:  Have you ever been treated for alcoholism
4  or drug addiction?
5              THE DEFENDANT:  No, I have not.
6              THE COURT:  Have you had any alcoholic beverage or
7  narcotic substance in the last 48 hours?
8              THE DEFENDANT:  No.
9              THE COURT:  Are you feeling all right today?
10             THE DEFENDANT:  Yes.
11             THE COURT:  You have received a copy of the
12  information.
13             Do you understand what it says you did?
14             THE DEFENDANT:  Yes, I do.
15             THE COURT:  Have you had time to talk to your attorney
16  about the charges and about how you wish to plead?
17             THE DEFENDANT:  Yes.
18             THE COURT:  Are you satisfied with your attorney?
19             THE DEFENDANT:  Yes, I am.
20             THE COURT:  Are you ready to plead at this time?
21             THE DEFENDANT:  Yes, I am.
22             THE COURT:  What is your plea to Counts One, Two,
23  Three, Four, Five, and Six of the superseding indictment?
24             THE DEFENDANT:  Guilty.
25             THE COURT:  I need to determine whether your plea of

guilt is a voluntary and whether you fully understand the charges against you and the possible consequences of your plea so I am going ask you some additional questions.

I remind you that the charge against you on Count One is conspiracy to commit wire fraud. The law provides as a penalty a term of imprisonment of up to 20 years, a term of supervised release of up to three years, a maximum fine which is the greatest of $250,000 or twice any gain derived from the offense or twice any loss to persons other than yourself as a result of the offense, and a mandatory $100 special assessment.

Do you understand those penalties?

THE DEFENDANT: Yes.

THE COURT: Counts two, Three, and Four each charge the substantive crime of wire fraud. If convicted on any of those counts, you would be subject to a term of imprisonment with a maximum of 20 years, a term of supervised release of up to three years, a maximum fine which is the greatest of $250,000 or twice any gain derived from the offense or twice any loss to persons other than yourself as a result of the offense, and a mandatory $100 special assessment.

Do you understand those penalties?

THE DEFENDANT: Yes.

THE COURT: Count Five charges aggravated identity theft and the law provides as a penalty a term of imprisonment mandatory two years consecutive to any sentence imposed on any

1  of the other counts along with a fine of up to $250,000 or
2  twice the gross pecuniary gain from the offense or twice the
3  loss to persons other than yourself as a result of the offense
4  and a mandatory $100 special assessment.
5            Do you understand those penalties?
6            THE DEFENDANT:  Yes.
7            THE COURT:  Count Six charges conspiracy to commit
8  money laundering.  The law provides as a penalty a term of
9  imprisonment of up to 10 years, a term of supervised release of
10 up to three years, a maximum fine which is the greatest of
11 $500,000, or twice the value of the property involved in the
12 transaction or twice the gain derived from the offense or twice
13 the loss to persons other than yourself as a result of the
14 offense, and a mandatory $100 special assessment.
15           Do you understand those penalties?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Do you understand that the total maximum
18 sentence of incarceration for Counts One through Six is 92
19 years' imprisonment with a mandatory term of two years for
20 Count Five, which must be consecutive to any other term of
21 imprisonment.
22           Do you also understand that as part of any other
23 sentence you would be required to make restitution to any
24 victims of the crime?
25           THE DEFENDANT:  Yes.

1    THE COURT:  Do you also understand that you are
2 admitting the forfeiture allegations in information, which
3 means that you would be required to surrender any moneys
4 obtained as a result of the offenses or any money or property
5 used to facilitate the offenses?
6    THE DEFENDANT:  Yes.
7    THE COURT:  Do you understand that if you are not a
8 United States citizen, you would be subject to deportation on
9 the basis of your conviction?
10    THE DEFENDANT:  Yes.
11    THE COURT:  Do you understand that if you are
12 sentenced to prison and released on supervised release and you
13 violate the terms of supervised release, you would be returned
14 to prison without credit for the time spent on supervised
15 release?
16    THE DEFENDANT:  Yes.
17    THE COURT:  Do you understand that you have the right
18 to plead not guilty and the right to a jury trial on these
19 charges?
20    THE DEFENDANT:  Yes.
21    THE COURT:  Do you understand that if you plead not
22 guilty and go to trial, the burden would be on the government
23 to prove your guilt beyond a reasonable doubt?
24    THE DEFENDANT:  Yes.
25    THE COURT:  Do you understand that at a trial, you

1   would be presumed innocent until the government proved your
2   guilt?
3            THE DEFENDANT:  Yes.
4            THE COURT:  Do you understand that you have the right
5   to be represented by an attorney at trial and at all other
6   stages of the proceedings and if necessary an attorney would be
7   appointed for you?
8            THE DEFENDANT:  Yes.
9            THE COURT:  Do you understand that at a trial, you
10  would the have the right to confront and question any witnesses
11  who testify against you and the right not to be forced to
12  testify against yourself?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Do you understand that at a trial, you
15  would be entitled to testify on your own behalf, to present
16  evidence, to call witnesses to testify, and to subpoena those
17  witnesses if necessary?
18           THE DEFENDANT:  Yes.
19           THE COURT:  Do you understand that if you plead
20  guilty, there will be no trial of any kind and the
21  trial-related rights that I have just described would no longer
22  apply and the only remaining step would be for the Court to
23  sentence you?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Do you understand the nature of the

1   charges to which you are pleading?

2   THE DEFENDANT:  Yes.

3   THE COURT:  Do you understand had the range of
4   penalties including the maximum sentence that you could receive
5   on the basis of your plea?

6   THE DEFENDANT:  Yes.

7   THE COURT:  Have you and your attorney talked about
8   how the Sentencing Commission guidelines might apply your case?

9   THE DEFENDANT:  Yes.

10  THE COURT:  Do you understand that the Court will not
11  be able to determine the guidelines for your case until a
12  presentence report has been prepared and you and the government
13  have had the opportunity to challenge any facts reported there?

14  THE DEFENDANT:  Yes.

15  THE COURT:  Do you understand that after it has been
16  determined what guidelines apply to a case, the Court has the
17  authority in some circumstances to impose a sentence that is
18  either more severe or less severe than that called for by the
19  guidelines?

20  THE DEFENDANT:  Yes.

21  THE COURT:  Do you understand that in determining the
22  sentence, the Court will consider in addition the guidelines
23  and possible departures from those guidelines all of the
24  factors set forth in the statute, that is, 18, United States
25  Code, Section 3553(a)?

1              THE DEFENDANT:  Yes.
2              THE COURT:  Do you understand that under some
3     circumstances, you or the government may have the right to
4     appeal the sentence?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Do you understand that there is no parole
7     and that if you are sentenced to prison, you will not be
8     released on parole?
9              THE DEFENDANT:  Yes.
10             THE COURT:  Do you understand that the answers you
11    give to me today under oath may in the future be used against
12    you in a prosecution for perjury or false statement if you do
13    not tell the truth?
14             THE DEFENDANT:  Yes.
15             THE COURT:  Do you still wish to plead guilty?
16             THE DEFENDANT:  Yes, I do.
17             THE COURT:  Have any threats been made to you by
18    anyone to influence you to plead guilty?
19             THE DEFENDANT:  No.
20             THE COURT:  Have any promises been made concerning the
21    sentence you would receive?
22             THE DEFENDANT:  No.
23             THE COURT:  I have before me a plea agreement dated
24    September the 7th, 2017.
25             Have you read and do you understand that plea

1    agreement that you signed?

2             THE DEFENDANT:  Yes.

3             THE COURT:  That plea agreement contains a provision
4    that if you provide substantial assistance to the government,
5    the government will issue what is known as a 5K1.1 letter at
6    the time of sentencing.

7             Do you understand that it is entirely within the
8    government's discretion to determine whether in fact you have
9    provided substantial assistance?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Do you also understand that even if the
12   government issues such a letter that letter does not bind
13   either the Probation Department in the sentence it will
14   recommend nor the sentencing judge in the sentence that she
15   will impose?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Do you also understand that you are
18   agreeing not to challenge your conviction on the grounds that
19   the government has failed to produce discovery material or
20   information that might tend to prove your innocence?

21            THE DEFENDANT:  Yes.

22            THE COURT:  Do you also understand that you are bound
23   by your guilty plea regardless of the immigration consequences?

24            THE DEFENDANT:  Yes.

25            THE COURT:  Apart from what is contained in this plea

H9l6wilp

1   agreement has anyone promised you anything whatsoever in
2   connection with your plea?
3           THE DEFENDANT:  No.
4           THE COURT:  Does the government wish to set forth on
5   record the elements it would prove at trial?
6           MS. REILLY:  Yes, your Honor.
7           Count One of the superseding information charges the
8   defendant with conspiring to commit wire fraud.  In order to
9   prove the defendant guilty in Count One, the government would
10  have to prove each of the following elements beyond a
11  reasonable doubt:  First, that two or more persons entered into
12  the unlawful agreement described in the superseding
13  information; second, that the defendant knowingly and willfully
14  became a member of the conspiracy; third, that one of the
15  members of the conspiracy knowingly committed at least one of
16  the overt acts charged; fourth, that the overt act or acts were
17  committed by a member of the conspiracy to further some
18  objective of that conspiracy.
19          The objective of the conspiracy alleged in Count One
20  is the commission of wire fraud in violation of Title 18, U.S.
21  Code, Section 1343.
22          Counts Two, Three and Four of the superseding
23  information charges the defendant with wire fraud.  That
24  offense has three elements.  First, that there was a scheme or
25  artifice to defraud or to obtain money or property by

materially false and fraudulent pretenses, representations, or promises; second, that the defendant knowingly and willfully participated in that scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud; and third, that in the execution of the scheme, the defendant used or caused the use of interstate or international wires.

Count Five of the superseding information charges aggravated identity theft. That crime has three elements. First, that the defendant knowingly used the means of identification of another person; second, that the defendant used the means of identification during and in relation to the offense of, among other crimes, wire fraud; and third, that the defendant acted without lawful authority.

Count six of the superseding information charges conspiracy to commit money laundering. That offense has two elements. First, that two or more persons entered into the unlawful agreement charged in the superseding information; and second, that the defendant knowingly and willfully became a member of the conspiracy.

The object of the conspiracy alleged in Count Six is the commission of money laundering in order to conceal and disguise the nature, location, source, ownership and control of proceeds of specified unlawful activity in violation of Title 18, United States Code, Section 1956.

|   |   |
|---|---|
| 1 | THE COURT: Thank you. |
| 2 | Mr. Williams, do you understand that if you were to go |
| 3 | to trial, the government would have the burden of demonstrating |
| 4 | or proving each of those elements beyond a reasonable doubt? |
| 5 | THE DEFENDANT: Yes, I do. |
| 6 | THE COURT: Is your plea voluntary and made of your |
| 7 | own free will? |
| 8 | THE DEFENDANT: Yes. |
| 9 | THE COURT: Did you commit the offenses charged? |
| 10 | THE DEFENDANT: Yes. |
| 11 | THE COURT: Tell me what you did. |
| 12 | THE DEFENDANT: From about 2002 to 2016, I conspired |
| 13 | with others to fraudulently induce individuals to invest in the |
| 14 | production and marketing of feature length films. I also did |
| 15 | personally fraudulently induce individuals to make such |
| 16 | investments. While doing so, I sent or caused to be sent |
| 17 | e-mails, phone calls, and wire transfer of funds. I promised |
| 18 | the individuals guaranteed returns on profits and |
| 19 | misrepresented the amount of funding that coconspirators, |
| 20 | myself, and other investors had contributed to the film |
| 21 | projects to induce their investments. |
| 22 | During this time period, I agreed with others to make |
| 23 | wire transfers in an effort to conceal fraudulently obtained |
| 24 | funds. I also used the fraudulently obtained funds to, among |
| 25 | other things, pay for my own personal expenses. |

From about November 2015 to about June 2016 in the Los Angeles area, I used the name and signature of another individual without his permission or authority to fraudulently induce individuals to make investments in the production and marketing of films.

In 2015 in the Los Angeles area, I created false documents that purported to demonstrate a fictitious entity held its interest in a residential property that I owned to conceal the value of my assets during litigation in a civil case. In connection and in furtherance of these actions, I sent or caused to be sent e-mails, phone calls and wire transfer of funds.

From about 2012 to 2014 in the Los Angeles area, I created false documents purporting to demonstrate the assets of an entity named Garuda Trust to secure financing in connection with transactions relating to a boat and a residential property. In connection and in furtherance of these actions, I sent or caused to be sent e-mails, phone calls and wire transfer of funds.

All of the actions that I have described were wrong and illegal. Additionally, I knew that they were wrong and illegal at the time that I committed them. I take full responsibility for what I have done and accept the consequences of my actions, including my sentence, and the embarrassment and shame that I feel in letting down my wife, children, family,

1   and those that I worked with.
2               Thank you, your Honor.
3               THE COURT:  Thank you.
4               I believe that there is a waiver of venue with respect
5   to some of the counts?
6               MS. REILLY:  Yes, your Honor.  There is a waiver of
7   venue as to Counts Three, Four and Five.  The government would
8   proffer as to Counts One, Two, and Six that if we were to
9   proceed to trial, the government would introduce evidence that
10  certain acts in furtherance of the conspiracy and the wire
11  fraud -- excuse me, the conspiracy to wire fraud and the
12  conspiracy to commit money laundering including bank transfers,
13  meetings, and phone calls with victims took place in the
14  Southern District of New York.
15              THE COURT:  Thank you.
16              Are there any other questions that you wish be asked?
17              MS. REILLY:  No, your Honor.
18              THE COURT:  Any reason that you are aware of why the
19  defendant should not plead guilty?
20              MS. REILLY:  No.
21              THE COURT:  Mr. Cecutti, do you know of any such
22  reason?
23              MR. CECUTTI:  No, your Honor.
24              THE COURT:  I am satisfied that the defendant
25  understands the nature of the charges against him and the

1  consequences of a plea of guilty.  I am also satisfied that the
2  plea is voluntary and knowing and that there is a factual basis
3  for it.  I will therefore recommend that Judge Wood accept the
4  defendant's plea of guilty in Counts One through Six of the
5  superseding information.
6              I believe under the circumstances we will not be
7  ordering a presentence report at this time?
8              MS. REILLY:  That's correct, your Honor.  Judge Wood
9  has set a sentencing control date of April 23rd at 11:00 a.m.
10             THE COURT:  Very well.
11             Are there any requests with respect to the conditions
12 of release?
13             MS. REILLY:  No, your Honor.  The government has no
14 request to modify the conditions at this time.
15             THE COURT:  The conditions will continue.
16             Thank you all.
17                              o0o