I3M3WILP                    Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4               v.                        S7 16 CR 436 (KMW)

5   JAMES DAVID WILLIAMS,

6               Defendant.

7   ------------------------------x

8                                         New York, N.Y.
                                          March 22, 2018
9                                         11:15 a.m.

10
    Before:
11
                        HON. KEVIN N. FOX,
12
                                          Magistrate Judge
13

14                        APPEARANCES

15  GEOFFREY S. BERMAN
        Interim United States Attorney for the
16      Southern District of New York
    KATHERINE REILLY
17      Assistant United States Attorney

18  ANTHONY CECUTTI
        Attorney for Defendant
19

20

21

22

23

24

25

I3M3WILP                         Plea

1          THE DEPUTY CLERK:  United States v. James David

2    William.  Counsel, please state your name for the record.

3          MS. REILLY:  Good morning, your Honor.  Katherine

4    Reilly for the government.

5          MR. CECUTTI:  Good morning.  Anthony Cecutti for

6    Mr. James David Williams.

7          THE COURT:  Good morning.  Is there an application on

8    behalf of Mr. Williams?

9          MR. CECUTTI:  Yes, your Honor.  At this time

10   Mr. Williams would like to proceed with entering a guilty plea

11   pursuant to an agreement with the government.

12         THE COURT:  Will you swear the defendant and proceed

13   with the waiver.

14         THE DEPUTY CLERK:  Yes.  You are James David Williams?

15         THE DEFENDANT:  Yes, I am.

16         (Defendant sworn)

17         THE DEPUTY CLERK:  Have you signed this waiver of

18   indictment?

19         THE DEFENDANT:  Yes, I have.

20         THE DEPUTY CLERK:  Before you signed it, did you

21   discuss it with your attorney?

22         THE DEFENDANT:  Yes.

23         THE DEPUTY CLERK:  Did your attorney explain it to

24   you?

25         THE DEFENDANT:  Yes, he did.

1          THE DEPUTY CLERK:  Do you understand what you are

2     doing?

3          THE DEFENDANT:  Yes.

4          THE DEPUTY CLERK:  Do you understand that you are

5     under no obligation to waive indictment?

6          THE DEFENDANT:  Yes.

7          THE DEPUTY CLERK:  Do you understand that if you do

8     not waive indictment, if the government wants to prosecute you,

9     they will have to present this case to a grand jury, which may

10    or may not indict you?

11         THE DEFENDANT:  Yes.

12         THE DEPUTY CLERK:  Do you understand that by signing

13    this waiver of indictment, you have given up your right to have

14    this case presented to a grand jury?

15         THE DEFENDANT:  Yes.

16         THE DEPUTY CLERK:  Do you understand what a grand jury

17    is?

18         THE DEFENDANT:  Yes, I do.

19         THE DEPUTY CLERK:  Have you seen a copy of the

20    information?

21         THE DEFENDANT:  Yes.

22         THE DEPUTY CLERK:  Do you waive its public reading?

23         THE DEFENDANT:  Yes, I do.

24         THE COURT:  Mr. Williams, your attorney has indicated

25    that you wish to tender a plea this morning to information

1   S7 16 CR 436.

2          You have a right to have the proceeding this morning

3   presided over by a district judge.  You may, if you wish,

4   consent to have a magistrate judge preside at this morning's

5   proceeding.  In that connection, I have before me a document

6   which is labeled "Consent to Proceed Before a United States

7   Magistrate Judge On a Felony Plea Allocution."  I shall show

8   you the document.

9          Do you recognize it, sir?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  Did you have an opportunity to review it

12   with your attorney?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Is there anything contained in the consent

15   form that you do not understand?

16          THE DEFENDANT:  No.

17          THE COURT:  Do you acknowledge that the consent form

18   explains in greater detail what I mentioned to you a moment ago

19   about your right to have this morning's proceeding presided

20   over by a district judge, and further, by signing the document

21   you are agreeing that a magistrate judge may preside at this

22   morning's proceeding?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Is your true signature on the consent

25   form?

I3M3WILP                    Plea

1              THE DEFENDANT:  Yes, it is.

2              THE COURT:  Did anyone force you to sign the document?

3              THE DEFENDANT:  No, they did not.

4              THE COURT:  Let me turn my attention to your counsel.

5         Is your signature also on the consent form?

6              MR. CECUTTI:  Yes, your Honor.

7              THE COURT:  Very well.  I shall sign the consent form

8    and we shall continue.

9              Mr. Williams, will you state your full name.

10             THE DEFENDANT:  James David Williams.

11             THE COURT:  In the last 24 hours, have you consumed

12   any medicine, alcohol or drugs that would affect your ability

13   to understand what you are doing here today?

14             THE DEFENDANT:  No, I have not.

15             THE COURT:  Are you under the care of a physician or

16   psychiatrist for any condition?

17             THE DEFENDANT:  No.

18             THE COURT:  Have you ever been treated for alcoholism

19   or drug addiction?

20             THE DEFENDANT:  No, I have not.

21             THE COURT:  Do you feel all right today?

22             THE DEFENDANT:  Yes.

23             THE COURT:  What is the extent of your education, sir?

24             THE DEFENDANT:  Through two years of college.

25             THE COURT:  You indicated a few moments ago that you

1    had received a copy of information S7 16 CR 436, and did not

2    wish to have it read to you in open court.

3              Do you understand what it says that you did through

4    the information?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  Have you had sufficient opportunity to

7    speak with your attorney about the charges contained in the

8    information and how you wish to plead today?

9              THE DEFENDANT:  Yes, I have.

10             THE COURT:  Are you satisfied with the assistance that

11   your attorney has rendered to you in connection with this

12   matter?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Are you ready to plead to information S7

15   16 CR 436?

16             THE DEFENDANT:  Yes.

17             THE COURT:  What is your plea, sir, guilty or not

18   guilty?

19             THE DEFENDANT:  Guilty.

20             THE COURT:  If you are not a United States citizen,

21   your plea of guilty to the offenses set forth in the

22   information, which are felony offenses, may affect adversely

23   your ability to remain within the United States.

24             Do you understand?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Because the offenses to which you are

2     tendering a plea of guilty are felony offenses, you may be

3     giving up certain valuable civil rights that you possess by

4     tendering a plea guilty to the charges contained in the

5     information.  Among those civil rights that you may be giving

6     up are the following:  The right to vote, the right to hold

7     public office, the right to serve on a jury, the right to

8     possess any kind of firearm, including rifles and shotguns, the

9     right to be considered for certain types of employment, and the

10    right to possess or obtain certain professional licenses.

11         Do you understand, sir?

12         THE DEFENDANT:  Yes.

13         THE COURT:  I have to ensure that your plea of guilty

14    is being made knowingly and voluntarily, so I shall be asking

15    you additional questions.

16         I want to ensure that you understand the nature of the

17    charges made against you through the information.

18         Count One of the information charges a violation of

19    Title 18, United States Code, Section 1343, which makes it an

20    offense for a person to commit fraud using wires, electronic

21    communications.

22         The law provides as a maximum penalty for the offense

23    set forth at Count One of the information the following:  A

24    maximum term of imprisonment of 20 years, a maximum term of

25    supervised release of three years, a maximum fine pursuant to

1    Title 18, United States Code, Section 3571, of the greatest of

2    $250,000, twice the gross pecuniary gain derived from the

3    offense or twice the gross pecuniary loss to persons other than

4    yourself resulting from the offense, and a $100 mandatory

5    special assessment.

6           If you're sentenced to a term of supervised release

7    and violate the terms and conditions of that supervised release

8    such that it is revoked, you expose yourself to serving in

9    prison all or part of the term of supervised release authorized

10   by statute for the offense that resulted in such term of

11   supervised release, without credit for time previously served

12   on post-release supervision.

13          Sir, do you understand the nature of the charge made

14   against you at Count One of the information?

15          THE DEFENDANT:  Yes, I do.

16          THE COURT:  Do you also understand the range of

17   penalties, including the maximum sentence, to which you are

18   potentially exposing yourself by your plea of guilty to Count

19   One of the information?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  Count Two of the information charges

22   violation of Title 18, United States Code, Section 1344, which

23   makes it an offense for a person to commit bank fraud.

24          The law provides as a maximum penalty for the offense

25   set forth at Count Two of the information the following:  A

maximum term of imprisonment of 30 years, a maximum term of

supervised release of five years, a maximum fine pursuant to

Title 18, United States Code, Section 3571, of the greatest of

$1 million, twice the gross pecuniary gain derived from the

offense or twice the gross pecuniary loss to persons other than

yourself resulting from the offense, and a $100 mandatory

special assessment.

        If you are sentenced to a term of supervised release

in connection with Count Two of the information and violate the

terms and conditions such that supervised release is revoked,

the same consequences would befall you as I discussed with you

when we were talking about Count One of the information, so I

shall not repeat that to you.

        Sir, do you understand the nature of the charge made

against you at Count Two of the information?

        THE DEFENDANT:  Yes, I do.

        THE COURT:  Do you understand the range of penalties,

including the maximum sentence, to which you are potentially

exposing yourself by your plea of guilty to Count Two of the

information?

        THE DEFENDANT:  Yes.

        THE COURT:  Count Three of the information charges a

violation of Title 18, United States Code, Section 1001, which

makes it an offense for a person to make false material

statements in connection with a matter before the Executive

1   Branch of the government.

2          The law provides as a maximum penalty for the offense

3   set forth at Count Three of the information the following:  A

4   maximum term of imprisonment of five years, a maximum term of

5   supervised release of three years, a maximum fine pursuant to

6   Title 18, United States Code, Section 3571, of the greatest of

7   $250,000, twice the gross pecuniary gain derived from the

8   offense or twice the gross pecuniary loss to persons other than

9   yourself resulting from the offense, and a $100 mandatory

10  special assessment.

11         Again, if you are sentenced to a term of supervised

12  release and violate the terms of the supervised release such

13  that it is revoked, the consequences that I reviewed with you

14  when discussing Count One would befall you, so I shall not

15  repeat them to you.

16         Sir, do you understand the nature of the charge made

17  against you at Count Three of the information?

18         THE DEFENDANT:  Yes, I do.

19         THE COURT:  Do you understand the range of penalties,

20  including the maximum sentence, to which you are potentially

21  exposing yourself by a plea of guilty to Count Three of the

22  information?

23         THE DEFENDANT:  Yes, I do.

24         THE COURT:  In addition to the offenses that are

25  outlined in information S7 16 CR 436, the information also

I3M3WILP                    Plea

1   contains two forfeiture allegations through which the

2   government has indicated it will seek to recoup from you the

3   proceeds of illegal conduct described in the information.

4           Are you aware that the information contains two

5   forfeiture allegations, sir?

6           THE DEFENDANT:  Yes.

7           THE COURT:  In addition to the penalties for the

8   offenses that I indicated to you when we were discussing Counts

9   One, Two, and Three of the information, in connection with the

10   sentence to be imposed upon you, you may be subject to an order

11   of restitution pursuant to Title 18, United States Code,

12   Sections 3663, 3663(a), and 3664.

13           Do you understand, sir?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Do you understand that you have a right to

16   plead not guilty and to persist in that plea?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand that you have a right to

19   have a jury trial on the charges contained in the information?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Do you understand that if you plead not

22   guilty and go to trial, the burden would be upon the government

23   to prove that you were guilty beyond a reasonable doubt?

24           THE DEFENDANT:  Yes, I do.

25           THE COURT:  Do you understand that at a trial you

I3M3WILP                        Plea

 1   would be presumed innocent until the government proved your

 2   guilt beyond a reasonable doubt?

 3              THE DEFENDANT:  Yes.

 4              THE COURT:  Do you understand that at such a trial and

 5   at every other stage of the proceedings, you would have the

 6   right to be represented by an attorney, and if necessary, the

 7   Court would appoint an attorney to represent you?

 8              THE DEFENDANT:  Yes.

 9              THE COURT:  Do you understand that at a trial you

10   would have the right to testify, to confront and question any

11   witnesses who would testify against you, and the right not to

12   incriminate yourself, that is, you do not have to be a witness

13   against yourself?

14              THE DEFENDANT:  Yes.

15              THE COURT:  Do you understand that at a trial you

16   would be entitled to present evidence, to call witnesses to

17   testify, and to compel the attendance of witnesses?

18              THE DEFENDANT:  Yes.

19              THE COURT:  Do you also understand that if you plead

20   guilty, there will be no trial of any kind, so that you give up

21   your trial rights, and the only remaining step would be for the

22   assigned district judge to sentence you?

23              THE DEFENDANT:  Yes.

24              THE COURT:  Sir, are you certain that you understand

25   the nature of the charges to which you are pleading?

I3M3WILP                    Plea

1            THE DEFENDANT:  Yes, I do.

2            THE COURT:  Are you certain that you understand the

3    range of penalties, including the maximum sentence, to which

4    you are potentially subjecting yourself by your plea?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Do you understand that the sentencing

7    judge may be obligated to impose a special assessment on you?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Have you and your attorney talked about

10   how the sentencing commission guidelines, which are advisory

11   only, might inform the sentence to be imposed upon you?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Do you understand that in determining your

14   sentence, the sentencing judge is obligated to calculate the

15   applicable sentencing guidelines range and possible departures

16   under the sentencing guidelines?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand that, in addition to the

19   factors outlined in the sentencing commission guidelines, the

20   sentencing judge will also consider factors that are set forth

21   at 18 U.S.C. Section 3553 in determining what an appropriate

22   sentence might be for you?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Do you understand that parole has been

25   abolished, and if you are sentenced to prison you will not be

I3M3WILP                          Plea

 1  released on parole?

 2              THE DEFENDANT:  Yes.

 3              THE COURT:  Do you understand that the answers you

 4  give to me today under oath may in the future be used against

 5  you in a prosecution for perjury or false statement if you do

 6  not tell the truth to the Court?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  What are the elements of the offenses set

 9  forth in the information?

10              MS. REILLY:  Your Honor, Count One of the superseding

11  information charges the defendant with wire fraud.  The first

12  element of that offense is that there was a scheme or artifice

13  to defraud or to obtain money or property by materially false

14  and fraudulent pretenses, representations or promises.  The

15  second element is that the defendant knowingly and willfully

16  participated in the scheme or artifice to defraud with

17  knowledge of its fraudulent nature and specific intent to

18  defraud.  And the third element is that in the execution of

19  that scheme, the defendant used or caused the use of the

20  interstate or international wires.

21              The second count charges the defendant with bank

22  fraud.  That has three elements.  First, that the defendant

23  knowingly executed a scheme or artifice to defraud a financial

24  institution by means of materially false or fraudulent

25  pretenses, representations or promises; second, that the

I3M3WILP                    Plea

defendant acted with the intent to defraud; and third, that the
financial institution in question was FDIC insured.

Count Three charges the defendant with making false
statements.  That has five elements.  First, that on or about
the dates alleged in the superseding information, the defendant
made a statement or representation; second, that those
statements or representations were material; third, that the
statements or representations were false, fictitious or
fraudulent; fourth, that the statements or representations were
made knowingly and willfully; and fifth, that the statements or
representations were made in a manner within the jurisdiction
of the government of the United States.

THE COURT:  Thank you.

Mr. Williams, having heard the elements of the
offenses set forth in information S7 16 CR 436, is it still
your desire to tender a plea of guilty?

THE DEFENDANT:  Yes.

THE COURT:  Sir, have any threats been made against
you by anyone to influence you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Have any promises been made to you
concerning the sentence that you will receive?

THE DEFENDANT:  No.

THE COURT:  I understand that you and your attorney
and representatives of the government have reached certain

I3M3WILP                        Plea

1    agreements and understandings in connection with your tender of

2    a plea of guilty.  Those agreements and understandings have

3    been reduced to a writing, specifically a letter dated

4    March 12, 2018, addressed to Anthony Cecutti, your attorney.  I

5    have a copy of that document before me which I shall show you.

6              Do you recognize the document, sir?

7              THE DEFENDANT:  Yes, I do.

8              THE COURT:  Did you have an opportunity to review it

9    with your attorney?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Is there anything contained in the

12   document that you do not understand?

13             THE DEFENDANT:  No.

14             THE COURT:  I understand that previously you tendered

15   a plea of guilty to an information S4 16 CR 436 to six counts

16   recited in that information.  And that plea proceeding occurred

17   in September 2017.

18             Do you remember that proceeding, sir?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Do you remember tendering a plea of guilty

21   to the information S4 16 CR 436?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you acknowledge that, having pled

24   guilty to that information, S4 CR 436, that you stand by that

25   plea to the information?

I3M3WILP                        Plea

1      THE DEFENDANT:  Yes, I do.

2      THE COURT:  With respect to the March 12, 2018 writing

3  about which we were speaking a few moments ago, there is text

4  in that writing through which you commit to making payments --

5  excuse me.  Filing with the Internal Revenue Service amended

6  tax returns for the years 2002 through 2016, and that you will

7  thereafter pay or enter into an agreement to pay past due taxes

8  owed to the Internal Revenue Service.

9      Are you aware that that text is included in the

10  March 12, 2018 writing?

11      MS. REILLY:  Your Honor, if I might just interrupt.

12  My apologies.  The version of the agreement that we sent over

13  to the Court last week in advance of the proceeding included

14  that provision.  We've since amended it, and the copy that was

15  signed today requires the filing of amended tax returns for the

16  years 2011 through and including 2016.

17      THE COURT:  Are there any other changes to the

18  document that was provided to me?

19      MS. REILLY:  That is the only change, your Honor.

20      THE COURT:  All right.  Mr. Williams, did you hear the

21  modification that was just indicated to me exists, that is a

22  modification to a previous document which now exists in the

23  March 12, 2018 document?

24      THE DEFENDANT:  Yes.

25      THE COURT:  You are aware that that text, as indicated

1    by the prosecutor here, is in the March 12, 2018 writing?

2                THE DEFENDANT:  Yes.

3                THE COURT:  There is also text in the March 12, 2018

4    writing through which you agree to make restitution in an

5    amount to be determined by the Court.  Are you aware that the

6    document contains such text, sir?

7                THE DEFENDANT:  Yes.

8                THE COURT:  There is also text in the March 12, 2018

9    writing through which you admit the forfeiture allegations

10   which I highlighted to you that are contained in the

11   information S7 16 CR 436, and also forfeiture allegations that

12   are applicable to the information S4 16 CR 436.

13               Are you aware that that text is included in the

14   March 12, 2018 writing?

15               THE DEFENDANT:  Yes.

16               THE COURT:  There is also text in the March 12, 2018

17   writing that explains that the sentence to be imposed upon you

18   is left solely to the discretion of the sentencing judge.  Are

19   you aware that such text is contained in the document?

20               THE DEFENDANT:  Yes.

21               THE COURT:  There is also text in the March 12, 2018

22   writing that constricts your ability to appeal from or

23   collaterally attack the judgment of conviction or sentence that

24   will be imposed upon you.  Are you aware of that, sir?

25               THE DEFENDANT:  Yes.

I3M3WILP                         Plea

1              THE COURT:  Other than the agreements and

2     understandings that you and your attorney and representatives

3     of the government have made and reached that are outlined in

4     the March 12, 2018 writing about which we have been speaking,

5     have any other agreements or understandings been made or

6     reached with you in connection with your tender of a plea of

7     guilty to information S7 16 CR 436?

8              THE DEFENDANT:  No.

9              THE COURT:  I want to show you the last page of the

10    March 12, 2018 writing.

11             Is your true signature on that page, sir?

12             THE DEFENDANT:  Yes, it is.

13             THE COURT:  Did anyone force you to sign the document?

14             THE DEFENDANT:  No.

15             THE COURT:  Let me turn my attention to your counsel

16    again.

17             Is your signature also at the last page of the

18    document?

19             MR. CECUTTI:  Yes, your Honor.

20             THE COURT:  Have representatives from the government

21    also signed the last page of the document?

22             MS. REILLY:  Yes, your Honor.

23             THE COURT:  Mr. Williams, is your plea being made

24    voluntarily, that is of your own free will?

25             THE DEFENDANT:  Yes.

I3M3WILP                    Plea

1          THE COURT:  Did you commit the offenses that are

2      outlined in the information?

3          THE DEFENDANT:  Yes, I did.

4          THE COURT:  Would you tell me in your own words what

5      it is that you did that makes you believe yourself guilty of

6      the offenses contained in the information?

7          THE DEFENDANT:  Yes.

8          From 2016 to 2017, in the Los Angeles area, I

9      participated in a scheme to fraudulently induce individuals,

10     including one Aaron Mack and Chris Freeman, and others, to

11     invest in the packaging, distribution, production, and

12     marketing of feature films.

13         In connection with fraudulent misrepresentations that

14     I made to such individuals, I sent e-mails, made telephone

15     calls, and engaged in wire transfers.

16         In 2006 and 2007, in the Los Angeles area, I submitted

17     a fraudulent document that I created to a bank.  I did this to

18     permit me to deposit and withdraw stolen funds.

19         In the summer and fall of 2017, I gave certain false

20     information to law enforcement about my prior fraudulent and

21     criminal activity.

22         These actions were wrong and illegal, and I knew that

23     at the time that I committed them.  I accept the consequences

24     of what I have done, and I recognize and appreciate that I have

25     let down and hurt my wife, children, and family, and others

I3M3WILP                        Plea

1        that I have worked with.

2                THE COURT:  Are there any questions the government

3        would have me put to Mr. Williams?

4                MS. REILLY:  Your Honor, no additional questions.  As

5        to Count Two, the government would proffer that the bank in

6        question was FDIC insured, and that if this case were to

7        proceed to trial, the government would introduce evidence to

8        that effect.

9                Additionally as to venue, the government notes that

10       the defendant in his agreement with the government as to Counts

11       One and Two has waived venue, and the government can proffer as

12       to Count Three the statements in question were made to law

13       enforcement officials in the Southern District of New York.

14               THE COURT:  Thank you.

15               Mr. Williams, I'm going to turn my attention to your

16       counsel again.  Is there any reason you know of why your client

17       should not plead guilty?

18               MR. CECUTTI:  No, your Honor.

19               THE COURT:  Is the government aware of any reason why

20       Mr. Williams should not plead guilty?

21               MS. REILLY:  No, your Honor.

22               THE COURT:  If the matter were to proceed to trial,

23       what evidence would be offered by the government in support of

24       the charges made through information S7 16 CR 436?

25               MS. REILLY:  Your Honor, if the case were to proceed

1    to trial, the government would expect to introduce testimony by

2    victims of the fraudulent schemes charged, as well as e-mail

3    and other documentary evidence, including the fictitious

4    documents referred to in the defendant's allocution, and bank

5    records relating to the financial transactions, as well as to

6    introduce the testimony of law enforcement officials involved

7    in the investigation in which the defendant made false

8    statements.

9          THE COURT:  Can you tell me in a general way what the

10   testimony of the persons you indicated were victims would be.

11         MS. REILLY:  Certainly, your Honor.  The government

12   expects that if the case were to proceed to trial, it would

13   call multiple victims who would represent that the defendant

14   made false statements to them and provided fraudulent documents

15   in an effort to induce them to send him funds related to the

16   production and distribution of feature films.

17         THE COURT:  And the e-mail messages and other

18   documents to which you've made reference, can you tell me in a

19   general way what those documents and e-mail messages would

20   show.

21         MS. REILLY:  Certainly.  As to Count One, the

22   government would expect to introduce e-mail communications

23   between the defendant and the victims to which I referred to

24   earlier, in which false statements were made about funds

25   purportedly invested by the defendant or available to the

1   defendant and about the business relationships the defendant

2   had, which would be in furtherance of the investment being made

3   by the victims.

4           With respect to Count Two, the government would expect

5   to introduce e-mail correspondence related to the underlying

6   scheme as well as the fraudulent documents submitted to the

7   FDIC insured financial institution.

8           THE COURT:  And can you tell me in a general way what

9   the testimony of law enforcement officers to whom you made

10  reference would be.

11          MS. REILLY:  Certainly.  The government expects that

12  law enforcement officers would testify that in the summer and

13  fall of 2017, the defendant participated in in-person and

14  telephone proffer sessions with the government, and that in the

15  course of those sessions, he omitted material information about

16  his prior criminal conduct and made false statements about the

17  prior criminal conduct charged, particularly in Count One of

18  the S7 information.

19          THE COURT:  Thank you.

20          I'm satisfied that Mr. Williams understands the nature

21  of the charges made against him and the consequences of his

22  plea of guilty.  I'm satisfied that the plea is being made

23  voluntarily and knowingly, and that there is a factual basis

24  for the plea.  So I shall report and recommend to the assigned

25  district judge that the plea be accepted.

1          I'll fix a date for the sentencing proceeding.  The

2    parties should contact the assigned district judge to determine

3    whether the date is convenient for such a proceeding.

4          April 23, 2018.

5          I shall direct that a presentence report be prepared

6    prior to the date of sentence.  In connection with the

7    preparation of that report, the government should provide its

8    case summary materials to the probation office not later than

9    14 days from today.  The defendant and his counsel should make

10   themselves available for an interview with the probation office

11   not later than 14 days from today.  The government should

12   obtain a transcript of the minutes made during this proceeding

13   and present same to the assigned district judge before the date

14   of sentence.

15          Is there any request with respect to bail?

16          MS. REILLY:  Yes, your Honor.  The defendant has

17   previously been released on bail.  In light of his additional

18   criminal conduct, including while released on bail, the

19   government is seeking remand at this time.  The government has

20   conferred with defense counsel in connection with the March 12

21   agreement, and understands that the defendant consents to

22   detention.

23          THE COURT:  What is the defendant's position on the

24   application?

25          MR. CECUTTI:  Your Honor, we consent to detention.

I3M3WILP                        Plea

1              THE COURT:  In connection with the bail conditions

2       previously fixed, were there any financial obligations, that is

3       money or property posted in support of a bond?

4              MS. REILLY:  No, your Honor.  I don't believe so.

5              THE COURT:  All right.  The bail conditions that were

6       previously fixed and in place with respect to Mr. Williams are

7       hereby modified.  I'm remanding you to the custody of the

8       United States marshal pending sentencing.

9              Is there anything else we need to address?

10             MS. REILLY:  Nothing from the government, your Honor.

11             MR. CECUTTI:  No, your Honor.

12             THE COURT:  Thank you.  Have a good day.

13             (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25