*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

March 22, 2019

**BY ECF**
The Honorable Kimba M. Wood
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Steven Brown, 16 Cr. 436 (KMW)**

Dear Judge Wood:

      Pursuant to the Court's March 11, 2019 order, the Government writes in response to the March 7, 2019 letter of Zachary Taylor, Esq., on behalf of defendant Steven Brown (Dkt. No. 349) in which Brown (i) argues that in calculating an offset to restitution with respect to the sale of the Calabasas property the Court should use the appraised value of the property of $2.67 million rather than the net sale proceeds Victim-2 received of $1,918,929.12; and (ii) raises certain purported conflicts of interest with respect to Brown's prior counsel, Walter Mack, Esq.

      With respect to the proper calculation of the offset for the sale of the Calabasas property, for the reasons the Government stated at the February 14, 2019 restitution hearing, the Government respectfully submits that the Court should use the value that Victim-2 actually received from the sale of the Calabasas property rather than the appraised value of the property at the time of the sale. Using this methodology makes sense in light of the fact that the net sale proceeds represent what Victim-2 actually obtained from selling the property that had been transferred to him in connection with Victim-2's settlement of his civil claims against Williams and Brown. While, as the Government explained at the February 14, 2019 hearing, Victim-2 did donate $570,000 to the purchaser, a nature conservancy, in the hopes of gaining a tax benefit, Victim-2 has realized no tax benefits from this donation to-date. Thus, Brown's claim that Victim-2 would receive a windfall from using the net sale proceeds is unpersuasive. Furthermore, Brown's reliance on *United States v. Boccagna*, 450 F.3d 107 (2d Cir. 2006) is likewise unavailing. While in *Boccagna* the Second Circuit indicated that using "fair market value" will "generally provide the best measure to ensure restitution in the 'full amount' of the victim's loss," *id.* at 109, the Second Circuit also expressly "decline[d] to hold that, as a matter of law, only fair market value may be used in calculating property values under the MVRA." *Id.* Notably, in *Boccagna* the Second Circuit further stated that "[i]n determining the appropriate measure of value for property relevant to restitution, a district court must consider that the purpose of restitution is essentially compensatory: to restore a victim, to the extent money can do so, to the position he occupied before sustaining injury." *Id.* at 115. Here, Victim-2 has only realized $1,918,929.12 from the sale of the Calabasas property, and thus it is entirely consistent with the purposes of the MVRA to utilize this value in calculating the offset to restitution, rather than the appraised value of the property.

1

Accordingly, consistent with the Court's conclusion at the February 14, 2019 hearing and the Court's restitution order with respect to defendant James David Williams (Dkt. No. 341), the offset as to the sale of the Calabasas property should be in the amount of $1,918,929.12.[1]

With respect to the assertion in Brown's letter regarding an actual or potential conflict of interest with Brown's prior counsel, Walter Mack, Esq., should Brown decide to pursue a claim of ineffective assistance of counsel in an effort to withdraw his guilty plea, the proper procedural mechanism to do so would be through a 2255 petition.  *See* Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."); *United States* v. *Ramos*, 03 Cr. 724 (LAP), 09 Civ. 7938 (SAS), 2015 WL 28526247, at *3 (S.D.N.Y. Oct. 8. 2015) ("The present motion is clearly made after sentencing, and the sentence has not been vacated . . . . Accordingly, to the extent Defendant's motion seeks to withdraw his plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, it is unavailing."); *Hasbajrami* v. *United States*, 13 Civ. 6852, 11 Cr. 623, 2014 WL 4954596, at n. 3 (E.D.N.Y. Oct. 2, 2014) (citing Rule 11(e) and noting that "it is clear that at this stage, [the defendant] may not withdraw his plea based on a motion within the criminal case."); *United States* v. *Monreal*, 301 F.3d 1127, 1133 (9th Cir. 2002) ("Once a conviction is entered, the district court's jurisdiction over the matter is limited, and an attack on the conviction must have a jurisdictional basis . . . . Generally, the vehicle for challenging a conviction in the district court is a 28 U.S.C. § 2255 petition."); *cf. Massaro v. United States,* 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); *United States v. Doe*, 365 F.3d 150, 152–53 (2d Cir. 2004); *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003).  If Brown filed a 2255 petition, there would be an additional opportunity to expand the factual record as to the nature of any prior representation Mr. Mack may have provided to Williams.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by:    /s/
      Noah Solowiejczyk
      Katherine C. Reilly
      Assistant United States Attorneys
      (212) 637-2473/6521

cc:    Zachary Taylor, Esq. (by ECF and E-mail)

---

[1] The Government previously provided to the Court a proposed restitution order with respect to Brown on February 20, 2019.  The Government respectfully requests that the Court enter that proposed restitution order at this time.  As is reflected in the proposed restitution order, the Government is requesting that the Schedule of Victims be filed under seal in order to protect the privacy of the victims.