```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

　　　- v. -

JAMES DAVID WILLIAMS,

　　　　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

S4 16 Cr. 436 (KMW)
S7 16 Cr. 436 (KMW)

　　　　WHEREAS, on or about September 21, 2017, JAMES DAVID WILLIAMS (the "defendant"), was charged in a six-count Superseding Information, S4 16 Cr. 436 (KMW) (the "S4 Information"), with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Counts Two through Four); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(I), 1028A(b), and 2 (Count Five); and conspiracy to commit money laundering, in violation of Title 18, Section 1956(h) (Count Six);

　　　　WHEREAS, the S4 Information included a forfeiture allegation as to Counts One through Four seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(I)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, which constitutes or is derived from proceeds traceable to the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

1

WHEREAS, the S4 Information included a second forfeiture allegation as to Count Six seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(l), of all property, real and personal, involved in the offense charged in Count Six and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Six of the Information;

WHEREAS, the S4 Information also included a substitute asset provision providing notice that if as a result of the defendant's actions or omissions forfeitable property is unable to be located or obtained the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant;

WHEREAS, on September 21, 2017, the defendant pled guilty to Counts One through Six of the Information;

WHEREAS, on or about March 22, 2018, the Defendant, was charged in a three-count Superseding Information, S7 16 Cr. 436 (KMW) (the "S7 Information"), with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count One); bank fraud, in violation of Title 18, United States Code, Section 1344 and 2 (Count Two); and knowingly and willingly providing false statements to law enforcement officials about the defendants involvement in the wire fraud charges in Count One, in violation of Title 18, United States Code, Section 1001 and 2 (Count Three);

WHEREAS, the S7 Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal,

2

which constitutes or is derived from proceeds traceable to the offense alleged in Count One of the S7 Information including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense that the defendant personally obtained;

WHEREAS, the S7 Information included a second forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property, real and personal, constituting or is derived from proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count Two of the S7 Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense in Count Two of the S7 Information that the defendant personally obtained;

WHEREAS, on or about March 22, 2018, the defendant pled guilty to Counts One through Three of the S7 Information, pursuant to an agreement with the Government, wherein the defendant admitted the forfeiture allegations with respect to Counts One and Two of the S7 Information, and agreed to forfeit, to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A) and Title 28, United States Code, Section 2461(c) a sum of money equal in United States currency representing the amount of proceeds traceable to the offense in Count One and proceeds obtained, directly or indirectly as a result of the commission of the offense charged in Count Two of the S7 Information;

WHEREAS, the S7 Information also included a substitute asset provision providing notice that if as a result of the defendant's actions or omissions forfeitable property is

3

unable to be located or obtained the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant;

WHEREAS, on or about December 19, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture") (Dkt. No. 298) imposing a money judgment against the defendant in the amount of $10,684,358.82 (the "Money Judgment");

WHEREAS, to date, the entire Money Judgment against the defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the defendant's offenses, despite the exercise of due diligence in investigating the assets of the defendant; and

WHEREAS, the Government has identified the following specific asset in which the defendant has an ownership interest:

  a. $1,036.80 in United States currency seized by the Government on or about August 5, 2016 from account number 1091969913 formerly held at Wells Fargo Bank in the name of Caliente Entertainment LLC

(the "Substitute Asset").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the satisfaction of the Money Judgment entered against the defendant.

4

3. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5. The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

5

7.   The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

8.   The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Assets to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

Dated: New York, New York
August 25, 2020

SO ORDERED:

_____
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE